# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BLUEFIELD DIVISION

| | | |
|---|---|---|
| LINDA LEE BYRNES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civil Action No. 1:12-07353 |
| v. | ) | |
| | ) | |
| S. BUTLER, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

Pending is Petitioner's Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in Federal Custody.[1] (Document No. 1.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.) Having examined Petitioner's Section 2241 Application, the undersigned finds, and hereby respectfully recommends, that Petitioner's Application be dismissed.

### FACT AND PROCEDURE

**A.      Criminal Action No. 1:96-cr-0057:**

On June 28, 1996, Petitioner was convicted in the United States District Court for the Western District of Michigan of one count of conspiracy to obstruct justice in violation of 18 U.S.C. §§ 371, 1503, 1512(b)(1), and 1622 (Count 1), one count of obstruction of justice in violation of 18 U.S.C. § 1503 (Count 2), and two counts of subornation of perjury in violation of 18 U.S.C. §§ 1622,

---

[1]  Because Petitioner is acting *pro se*, the documents which she has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

1623(a), 2 (Counts 4 and 6). <u>United States v. Byrnes</u>, Case No. 1:96-cr-0057 (W.D.Mich. Sept. 23, 1996), Document No. 66. On September 23, 1996, the District Court sentenced Petitioner to a total term of 71-months of imprisonment, to be followed by a three-year term of supervised release. <u>Id.</u>, Document No. 84. On October 7, 1996, Petitioner filed her Notice of Appeal. <u>Id.</u>, Document No. 95. On November 20, 1998, the Sixth Circuit affirmed Petitioner's conviction and sentence. <u>United States v. Miller</u>, 161 F.3d 977 (6th Cir. 1998). Petitioner filed a petition for certiorari in the United States Supreme Court, which was denied on March 22, 1999. <u>Byrnes v. United States</u>, 525 U.S. 1029, 119 S.Ct. 1275, 143 L.Ed.2d 369 (1999).

**B.     Criminal Action No. 1:95-cr-108:**

On June 7, 1996, Petitioner was convicted in the United States District Court for the Western District of Michigan of one count of conspiracy to possess with intent to distribute marijuana in violation of 18 U.S.C. §§ 841 and 846 (Count 1), and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) (Count 3). <u>United States v. Byrnes</u>, Case No. 1:95-cr-0108 (W.D.Mich. Feb. 28, 1997), Document No. 190. On February 28, 1997, the District Court sentenced Petitioner to a total term of 322-months of imprisonment, to be followed by an eight-year term of supervised release. <u>Id.</u>, Document Nos. 313 and 315. The District Court ordered that Petitioner's sentence was to run consecutively to the Federal sentence imposed in Criminal Action 1:96-cr-57. (<u>Id.</u>) Petitioner appealed her conviction and sentence to the Sixth Circuit Court of Appeals. <u>Id.</u> On October 9, 1998, the Sixth Circuit affirmed Petitioner's conviction and sentence. <u>United States v. Byrnes</u>, 166 F.3d 1215 (6th Cir. 1998). Petitioner filed a petition for certiorari in the United States Supreme Court, which was denied on March 22, 1999. <u>Byrnes v. United States</u>, 525 U.S. 1164, 119 S.Ct. 1079, 143 L.Ed.2d 81 (1999).

**C.      First Section 2255 Motion:**

On June 19, 2001, Petitioner, acting *pro se*, filed in the Western District of Michigan a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255.  Byrnes v. United States, Case No. 1:01-cv-382, Document No. 1. By Memorandum Opinion and Order entered on July 30, 2003, the District Court denied Petitioner's Section 2255 Motion as untimely. Id., Document Nos. 2 and 3. On September 17, 2001, Petitioner filed a Notice of Appeal. Id., Document No. 4. On February 6, 2002, the Sixth Circuit denied Petitioner a certificate of appealability and dismissed her appeal. Id., Document No. 8. On February 11, 2002, Petitioner filed a Petition for Rehearing. Byrnes v. United States, Docket No.  01-2319 (4th Cir. May 13, 2002), Document No. 15. By Order entered on May 3, 2002, the Sixth Circuit denied Petitioner's Petition for Rehearing. Id., Document No. 23. On May 13, 2002, Petitioner submitted an untimely en banc petition. Id., Document No. 23. The Sixth Circuit denied the filing of the untimely en banc petition on May 17, 2002. Id., Document No. 27.

**D.      Section 3742(a) Motion:**

On October 2, 2002, Petitioner filed in the Western District of Michigan a Motion pursuant to 18 U.S.C. § 3742(a) requesting that the District correct her sentence. Byrnes, Case No. 1:95-cr-0108, Document No. 365. By Order entered on October 16, 2002, the District Court denied Petitioner's Motion. Id., Document No. 366. On October 30, 2002, Petitioner filed a Notice of Appeal. Id., Document No. 366. Petitioner filed her Notice of Appeal on October 30, 2002. Id., Document No. 367. On October 31, 2002, the Sixth Circuit affirmed the District Court's decision finding that the District Court did not have authority under Section 3742(a) to review Petitioner's sentence. United States v. Byrnes, 79 Fed.Appx. 850 (2003).

**E.      Rule 60(b) Motion:**

On May 6, 2004, Petitioner filed in the Western District of Michigan a Motion for Rule 60(b) Relief. Byrnes, Case No. 1:95-cr-0108, Document No. 376. By Order entered on July 12, 2004, the District Court denied Petitioner's Motion. Id., Document No. 380. Petitioner filed her Notice of Appeal on August 13, 2004. Id., Document No. 381. On April 21, 2005, the Sixth Circuit affirmed the ruling of the District Court. United States v. Byrnes, Docket No. 04-1931 (6th Cir. May 16, 2005), Document No. 20.

**F.      First Section 3582 Motion:**

On December 28, 2009, Petitioner filed in the Western District of Michigan a Motion to Reduce Sentence pursuant to 18 U.S.C. 3582(c)(2). Byrnes, Case No. 1:95-cr-0108, Document No. 390.  The United States filed its Response on January 29, 2010. Id., Document No. 391. By Order filed on July 9, 2012, the District Court denied Petitioner's Section 3582 Motion. Id., Document No. 396.

**G.      First Section 2241 Petition:**

On October 15, 2010, Petitioner filed in the District of Connecticut a Petition requesting relief under 28 U.S.C. § 2241. Byrnes v. Baird, 3:10-cv-01627 (D.Conn. May 6, 2011). In her Petition, Petitioner argued that she was actually innocent of being a felon in possession of a firearm. Id. Petitioner argued that her 1993 conviction in North Carolina was not a valid predicate offense because her civil rights had been restored upon her unconditional discharged by the North Carolina Department of Corrections on June 29, 1994. Id. By Order entered on November 5, 2010, the District Court dismissed Petitioner Section 2241 Petition. Id., Document Nos. 3 and 4. On December 28, 2010, Petitioner filed an Amended Section 2241 Petition and a Motion to Reopen. Id., Document

4

Nos. 5 and 6. In support of her Amended Petition, Petitioner attached the following: (1) A letter from the Sixth Circuit returning her motion for certificate of appealability as unfiled; and (2) A statement with supporting documentation concerning Petitioner's claim of actual innocence. Id. By Order filed on May 6, 2011, the District Court construed Petitioner's Section 2241 Petition as an application to file a second or successive motion under Section 2255 and transferred the petition to the Sixth Circuit. Id., Document No. 9.

**H.     Request for authorization to file Successive Section 2255 Motion:**

On May 16, 2011, Petitioner's request was filed with the Sixth Circuit as a Motion under 28 U.S.C. § 2244 requesting an order authorizing the District Court to consider a second or successive application for relief under 28 U.S.C. § 2255. In re: Linda L. Byrnes, Docket No. 11-1649 (6th Cir. April 5, 2012), Document No. 1. On August 16, 2011, the United States filed a letter-brief in opposition. Id., Document No. 16; (Document No. 9-1.) By Order filed on April 5, 2012, the Sixth Circuit denied Petitioner's Motion seeking authorization to file a second or successive application for relief under 28 U.S.C. § 2255. In re: Linda L. Byrnes, Docket No. 11-1649, Document No. 54; (Document No. 9-2).

**I.     Second Section 2241 Petition:**

On November 5, 2012, Petitioner, acting *pro se*, filed her instant Petition requesting relief under 28 U.S.C. § 2241. (Document No. 1.) In her Petition, Petitioner argues as follows: (1) "Petitioner is being illegally held in custody in violation of the Constitution and laws of the United States because she is actually innocent of the charge of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) because her rights had been restored on the prior state case" (Id., pp. 10 - 14.); and (2) "The Federal Bureau of Prisons refuses to grant time off to Ms. Byrnes for the 500

5

Hour Residential Drug program due to the charge of being a felon in possession a firearm in violation of 18 U.S.C. § 922(g)(1)" (Id., pp. 14 - 17.). Petitioner, therefore, argues that the Court should grant her Section 2241 Petition. (Id.)

As Exhibits, Petitioner attaches a copy of the following: (1) A copy of Petitioner's "Request for Administrative Remedy" dated July 12, 2012 (Id., pp. 19 - 20.); (2) A copy of Warden S. Butler "Response" dated July 23, 2012 (Id., p. 21.); (3) A copy of the "Administrative Remedy Update" (Id., p. 22.); (4) A copy of Petitioner's "Regional Administrative Remedy Appeal" on July 28, 2012 (Id., pp. 23 - 24.); (5) A copy of a "Receipt – Administrative Remedy" dated August 30, 2012, from the Administrative Remedy Coordinator at the Mid-Atlantic Regional Office (Id., p. 25.); (6) A copy of the "Extension of Time for Response – Administrative Remedy" dated August 30, 2012, from the Administrative Remedy Coordinator at Mid-Atlantic Regional Office (Id., p. 26.); (7) A copy of Regional Director C. Eichenlaub's Response dated September 14, 2012 (Id., p. 27.); (8) A copy of Petitioner's "Central Office Administrative Remedy Appeal" dated September 30, 2012 (Id., pp. 28 - 29.); and (9) A copy of Petitioner's "Certificate of Unconditional Discharge" from the North Carolina Department of Correction Post-Release Supervision and Parole Commission (Id., p. 30.).

By Order entered on June 15, 2015, the Court ordered that Respondent file an Answer to the allegations contained in the Petitioner's Application and show cause, if any, why the Writ of *Habeas Corpus* sought by the Petitioner in this case should not be granted. (Document No. 4.) On July 17, 2015, Respondent filed his Response to the Order to Show Cause. (Document No. 9.) Respondent argues that Petitioner's Petition should be denied based on the following: (1) Petitioner's Petition is inappropriate under Section 2241 (Id., pp. 2 - 5.); (2) "Even if relief under § 2241 were available, Petitioner's claims are without merit" (Id., pp. 5 - 6.); and (3) "Petitioner is ineligible for 18 U.S.C.

§ 3621(e) early release consideration (Id., pp. 8 - 10.).

In support, Respondent attaches the following Exhibits: (1) A copy of the United States' "Letter Brief" as filed in In Re: Linda L. Byrnes, Docket No. 11-1649 (Document No. 9-1.); (2) A copy of the Sixth Circuit Court of Appeal's Order filed on April 5, 2012, denying Petitioner's request to file a second or successive section 2255 motion (Document No. 9-2.); (3) A copy of the "Declaration of Sharon Wahl" (Document No. 9-3, p. 2.); (4) A copy of Program Statement 5331.02 (Id., pp. 4 - 16.); (5) A copy of Program Statement 5162.05 (Id., pp. 17 - 33.); (6) A copy of the Public Information Inmate Data (Id., pp. 35 - 39.); (7) A copy of the Inmate Profile (Id., p. 41.); and (8) Instant Offense Determination (Id., pp. 43 - 44.).

Plaintiff filed her Response on August 17, 2015. (Document No. 10.) First, Petitioner argues that the savings clause applies to her claims because she is actually innocent of the charges against her. (Id., pp. 1 - 2.) Next, Petitioner argues that "at the time of her 1997 conviction, Petitioner believed that her rights, including the right to possess a weapon, had been unconditionally restored." (Id., p. 2.) Petitioner explains that on June 29, 1994, she received a "Certificate of Unconditional Discharge and Restoration of Forfeited Rights" from the State of North Carolina. (Id.) Petitioner claims that the Certificate did not state that her right to possess a weapon had not been restored. (Id.) Petitioner contends that if her civil rights had been "restored under North Carolina law, then the federal authorities are not able to prosecute her for being a felon in possession of a gun." (Id.) Petitioner argues that her "civil rights were restored automatically pursuant to N.C. Gen. Stat. Chapter 13, Section 1 providing that 'all rights of citizenship which were forfeited on conviction are by law automatically restored.'" (Id., p. 4.) Petitioner, therefore, argues that "[u]sing the July 27, 1993, North Carolina conviction as a predicate conviction to indict and charge Petitioner under 18

7

U.S.C. § 922(g)(1) after her civil rights had been restored amounts to a constitutional violation."
(Id., p. 5.) Finally, Petitioner complains that the BOP "refuses to grant time off to Petitioner for the
500 Hour Residential Drug program due to the charge of being a Felon in Possession of a Firearm."
(Id., pp. 6 - 8.) Petitioner argues that possession of a firearm is a nonviolent offense. (Id.) Petitioner,
therefore, concludes that for purposes of Section 3621(e)(2)(B), felon in possession of a firearm is
a nonviolent offense and Petitioner is entitled to early release for her completion of RDAP. (Id., p.
9.)

As Exhibits, Petitioner attaches the following: (1) A copy of a TRULINCS correspondence
dated August 13, 2015 (Id., pp. 11 - 14.); (2) A copy of pertinent pages from the United States'
Response to Petitioner's Motion for Retroactive Application of Guidelines (Id., pp. 15 - 17.); (3) A
copy of pertinent pages from Petitioner's sentencing transcripts (Id., p. 18.); (4) A copy of
Petitioner's "Certificate of Unconditional Discharge" from the State of North Carolina dated June
29, 1994 (Id., p. 19.); and (5) A copy of NC St 14-415.1 and Section 13-1 (Id., pp. 21 - 22.).

On August 19, 2015, Petitioner filed an Addendum. (Document No. 12.) In her Addendum,
Petitioner disputes that she was charged with possessing "3 - 6 handguns." (Id.) Petitioner argues
that she was only charged with possessing one handgun. (Id.) As Exhibits, Petitioner attaches the
following: (1) A copy of her "Second Superseding Indictment" as filed in the Western District of
Michigan in Case No. 1:95-cr-108 (Id., pp. 6 - 8.); (2) A copy of Petitioner's "Certificate of
Unconditional Discharge" from the State of North Carolina dated June 29, 1994 (Id., p. 9.); (3) A
copy of a letter from Petitioner requesting a copy "restoration certificate" (Id., p. 10.); (4) A copy
of pertinent pages from the United States' Response to Petitioner's Motion for Retroactive
Application of Guidelines (Id., pp. 11 - 13.); and (5) A copy of Shoemaker v. Johnson, 2 F.3d 53 (4th

Cir. 1993) (Id., pp. 14 - 18.).

**J.      Second 3582 Motion:**

On August 21, 2014, Petitioner filed in the Western District of Michigan a Motion to Amend Judgment. Byrnes, Case No. 1:95-cr-0108, Document No. 398. On October 28, 2014, Petitioner filed a Motion for Retroactive Application of Guidelines pursuant to 18 U.S.C. § 3582(c). Id., Document No. 399. The United States filed its "Response to Sentence Modification Report" on July 23, 2015. Id., Document No. 407. By Order entered on August 10, 2015, the District Court granted Petitioner's Motion and reduced Petitioner's previously imposed sentence of 262 months of imprisonment to 240 months of imprisonment. Id., Document No. 409.

## ANALYSIS

**1.      Challenge to Felon in Possession Conviction:**

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the Court must consider whether the inmate is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). The Court notes that Section 2241 is merely a general grant of *habeas corpus* authority. See Medberry v. Crosby, 351 F.3d 1049, 1062 (11 Cir. 2003). More specific grants of *habeas corpus* authority are found in 28 U.S.C. § 2254 (state prisoners) and 28 U.S.C. § 2255 (federal prisoners). See Thomas v. Crosby, 371 F.3d 782, 785 (11th Cir. 2004). Section 2255 is the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Rather, Section 2241 applies to circumstances factually quite

different from those properly considered under Section 2255. While the validity of Petitioner's conviction and/or sentence is in issue under Section 2255, matters pertaining to Petitioner's "commitment or detention" are properly the subject under 28 U.S.C. § 2241. See 28 U.S.C. § 2242. Thus, in addition to those very narrow circumstances under which Section 2255 is "inadequate and ineffective," issues arising out of the allegedly unlawful or incorrect computation of Petitioner's sentence and resulting in an unconstitutional restraint upon his liberty are properly considered under 28 U.S.C. § 2241. Allegations that a federal conviction or sentence is invalid are therefore appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

In view of the nature of the claims, the undersigned finds Petitioner's claims are ones properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the validity of her conviction and sentence imposed by the Western District of Michigan. Specifically, Petitioner claims that she is "actually innocent" of her felon in possession conviction. Petitioner argues that "[u]sing the July 27, 1993, North Carolina conviction as a predicate conviction to indict and charge Petitioner under 18 U.S.C. § 922(g)(1) after her civil rights had been restored amounts to a constitutional violation." Thus, Petitioner requests that this Court invalidate her conviction and sentence. Petitioner is basically challenging the validity of her conviction and sentence, not the manner in which her sentence is being executed. Accordingly, the undersigned will briefly consider Petitioner's claims under Section 2255 for the sole purpose of determining whether the instant Section 2241 Application should be (1) dismissed, or (2) construed as a Section 2255 Motion and transferred

to the appropriate jurisdiction. See Pack, 218 F.3d at 452.

It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions thereunder must be filed in the sentencing Court. The first paragraph of 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.*

(Emphasis added.) Viewing Petitioner's Application as a Section 2255 Motion, it is clear that this District Court lacks jurisdiction to consider it. Rather, jurisdiction is properly in the Western District of Michigan. While a Section 2255 Motion filed in a Court other than the sentencing Court should be transferred to the Court which sentenced the petitioner, Petitioner's instant Application should not be construed and transferred as a Section 2255 Motion because Petitioner has proceeded under Section 2255 in the sentencing Court once before and has not obtained certification/authorization to file a second or successive Motion from the Sixth Circuit Court of Appeals.[2]

---

[2] Under the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255 "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." To obtain certification from the Court of Appeals, the Petitioner must demonstrate that the Motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Nevertheless, this Court need not reach the issue of whether Petitioner's Motion actually contains newly discovered evidence or presents a new rule of constitutional law. Before a

To the extent Petitioner is claiming that Section 2255 is inadequate or ineffective, the undersigned will consider her claims under Section 2241. Although a Section 2255 Motion is the proper vehicle for challenging a federal conviction or sentence, Section 2241 may be used by a federal prisoner to challenge the legality of her conviction or sentence if she can satisfy the mandates of the Section 2255 "savings clause." Section 2255 contains a "savings clause" that allows an individual to file a petition challenging her conviction or sentence in a venue other than the sentencing court if the Petitioner can establish that her remedy under Section 2255 is "inadequate or ineffective." In re Jones, 226 F.3d at 333("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th Cir. 2001), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct

---

prisoner can pursue a second or successive 2255 Petition, she must obtain authorization from the appropriate court of appeals. *See* 28 U.S.C. § 2244(b)(3)(A). The Sixth Circuit has denied at least one of Petitioner's Motions under 28 U.S.C. § 2244 for an order authorizing the District Court to consider a successive application for relief under Section 2255.

of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333-34.

Based upon the foregoing, the undersigned concludes Petitioner has not demonstrated and cannot demonstrate that Section 2255 was inadequate or ineffective such that she could resort to Section 2241. Petitioner does not allege an intervening change in law establishes her actual innocence. As stated above, Section 2255 is not rendered inadequate or ineffective merely because an individual is barred procedurally or by the gatekeeping requirements of Section 2255. Therefore, Petitioner has failed to sustain her burden of showing the inadequacy or ineffectiveness of a Section 2255 Motion and her Section 2241 Petition should be dismissed as to the challenge to the validity of conviction and sentence.

2.      **Petitioner's Provisional Eligibility for Early Release Under Section 3621(e):**

Next, Petitioner asserts that the BOP erred by considering her conviction for being a felon in possession of a firearm when determining whether she qualified for early release under the RDAP.

Title 18 U.S.C. § 3621(b), authorizes the BOP to implement drug abuse treatment programs for its prisoners: "The Bureau shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). To effectuate this mandate, the BOP is required to ensure that all "eligible prisoners" "with a substance abuse problem have the opportunity to participate in appropriate substance abuse treatment . . . [and the BOP shall] provide residential substance abuse treatment." 18 U.S.C. § 3621(e)(1). As an incentive for successful completion of the RDAP, prisoners with non-violent offenses may receive a reduced sentence up to one year upon completion of the program as follows:

13

**(2) Incentive for prisoner's successful completion of treatment program. - -**

**(A) Generally.** – Any prisoner who, in the judgment of the Director of the Bureau of Prisons, has successfully completed a program of residential substance abuse treatment provided under paragraph (1) of this subsection, shall remain in the custody of the Bureau under such conditions as the Bureau deems appropriate. If the conditions of confinement are different from those the prisoner would have experienced absent the successful completion of the treatment, the Bureau shall periodically test the prisoner for substance abuse and discontinue such condition on determining that substance abuse has recurred.

**(B) Period of custody.** - - The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. § 3621(e)(2)(B). Section 3621, however, does not set forth the criteria for eligibility for early release. Rather, the statute vests the BOP with discretionary authority to determine when an inmate's sentence may be reduced. Thus, the BOP in its discretionary authority established criteria for determining eligibility for early release. 28 C.F.R. § 550.55[3] provides in part that inmates whose

---

[3] Title 28, C.F.R. § 550.55 sets forth in part, the following eligibility requirements:

(a) Eligibility. Inmates may be eligible for early release by a period not to exceed twelve months if they:
    (1) Were sentenced to a term of imprisonment under either:
        (i) 18 U.S.C. Chapter 227, Subchapter D for a nonviolent offense; or
        (ii) D.C. Code § 24-403.01 for a nonviolent offense, meaning an offense other than those included within the definition of "crime of violence" in D.C. Code § 23-1331(4); and
    (2) Successfully complete a RDAP, as described in § 550.53, during their current commitment.

(b) Inmates not eligible for early release. As an exercise of the Director's discretion, the following categories of inmates are not eligible for early release:
               * * *
    (5) Inmates who have a current felony conviction for:
               * * *
    (ii) An offense that involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives (including any explosive material or explosive device);

14

current felony offense is a felony that "involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives" or "by its nature or conduct, presents a serious potential risk of physical force against the person or property of another" are ineligible for early release consideration. 28 C.F.R. § 550.55(b)(5)(ii) and (iii). The BOP explains this eligibility criteria in Program Statement [P.S.] 5331.02 stating that an inmate "shall be precluded from receiving certain Bureau program benefits" when the inmate's current offense is a felony that "[i]nvolved the carrying, possession, or use of a firearm or other dangerous weapon or explosive." Accordingly, 28 C.F.R. § 550.55 precludes any inmate convicted of being a felon in possession of a firearm from receiving early release consideration pursuant to 18 U.S.C. § 3621(e)(2)(B).

Although Petitioner contends that the BOP did not have authority to classify her conviction as a "crime of violence" rendering her ineligible for early release consideration pursuant to 18 U.S.C. § 3621(e), the express language of the statute clearly vests the BOP with broad discretion to make such a determination. However, because Congress failed to define "a nonviolent offense" for purposes of 18 U.S.C. § 3621(e)(2)(B), the Court must determine whether 28 C.F.R. § 550.58, as applied through Program Statement 5162.04, represents a reasonable interpretation of the statute.

---

(iii) An offense that, by its nature or conduct, presents a serious potential risk of physical force against the person or property of another; or

\* \* \*

(c)  Early release time-frame.
(1) Inmates so approved may receive early release up to twelve months prior to the expiration of the term of incarceration, except as provided in paragraphs (c)(2) and (3) of this section;
(2) Under the Director's discretion allowed by 18 U.S.C. 3621(e), we may limit the time-frame of early release based upon the length of sentence imposed by the Court;
(3) If inmates cannot fulfill their community-based treatment obligations by the presumptive release date, we may adjust provisional release date by the least amount of time necessary to allow inmates to fulfill their treatment obligations.

15

In reviewing an agency's interpretation of a statute, it is well settled that the Court must first determine "whether Congress has spoken directly to the precise question at issue." Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 842, 104 S.Ct. 2778, 2781, 81 L.Ed.2d 694 (1984). If Congress' intent is clear, "that is the end of the matter; for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." Id. If Congress' intent is not clear however, then the statute is ambiguous and the question for the Court becomes "whether the agency's answer is based on a permissible construction of the statute." Id. at 842, 104 S.Ct. at 2782. The Court must accord "substantial deference" to the agency's reasonable interpretation of a statute Congress has charged it with administering, unless the interpretation is "arbitrary, capricious, or manifestly contrary to the statute." Id. at 844-45, 104 S.Ct. at 2782-83. When the agency's regulatory action is not subject to the Administrative Procedures Act [APA], 5 U.S.C. § 553, however, deference due under Chevron is inapplicable and the agency's interpretation is only "entitled to some deference. . . [so long as] it is a 'permissible construction of the statute.'" See Reno v. Koray, 515 U.S. 50, 61, 115 S.Ct. 2021, 2027, 132 L.Ed.2d 46 (1995); see also, Fuller v. Moore, 1997 WL 791681 (4th Cir. Dec. 29, 1997)(BOP program statements are not subject to the rigors of the APA and therefore, are only entitled "some deference."). Although the Supreme Court did not explain the difference between "substantial deference" and "some deference," the Eleventh Circuit explained the meaning of "some deference" as follows:

> We do not think it is obvious, however, that "some deference" means there are occasions in which we should uphold the interpretation contained in a BOP program statement, even though it is different from the one we would reach if we were deciding the matter de novo. If that were not true, "some deference" would be the same as "no deference," and that would render the Supreme Court's word in Koray meaningless.

Cook v. Wiley, 208 F.3d 1314, 1319-20 (11th Cir. 2000). In Christensen v. Harris County, 529 U.S.

576, 120 S.Ct. 1655, 146 L.Ed.2d 621 (2000), in declining to defer to an agency's interpretation

contained in an opinion letter, the Supreme Court stated:

> Interpretations such as those in opinion letters -- like interpretations contained in policy statements, agency manuals, and enforcement guidelines, all of which lack the force of law -- do not warrant <u>Chevron</u>-style deference. Instead, interpretations contained in formats such as opinion letters are "entitled to respect" under our decision in <u>Skidmore v. Swift & Co.</u>, 323 U.S. 134, 140, 65 S.Ct. 161, 89 L.Ed. 124 (1944), but only to the extent that those interpretations have the 'power to persuade.'

<u>Christensen</u>, 529 U.S. at 587, 120 S.Ct. at 1662 (citations omitted); <u>see also</u> <u>United States v. Mead

Corp.</u>, 533 U.S. 218, 235, 121 S.Ct. 2164, 150 L.Ed.2d 292 (2001)(new policy is entitled only "some

deference" or "respect proportional to 'its power to persuade.'"). The BOP's interpretation as

expressed in 28 C.F.R. § 550.58 is subject to the notice and comment provisions of the APA and

therefore, the undersigned finds that the interpretation is entitled substantial deference. Program

Statement 5162.04, however, is not subject to the APA and therefore, is entitled to respect to the

extent that it has power to persuade. Under this framework, the undersigned finds that the BOP's

interpretations of Section 3621(e) and P.S. 5162.04 are "permissible constructions of the statute" and

are in accord with its plain meaning and legislative intent.

Section 3621(e) states that the sentence of an inmate "convicted of a non-violent offense . . .*may* be reduced by the Bureau of Prisons." 18 U.S.C. § 3621(e)(2)(B)(emphasis added). The

legislative history indicates that part of the reason in passing Section 3621, was ultimately to reduce

the recidivism rate of substance abusers by providing an incentive for inmates to obtain drug

treatment. <u>See</u> Residential Substance Abuse Treatment in Federal Prisons, P.L. 103-322, Violent

Crime Control and Law Enforcement Act of 1994, H.R. Rep. No. 103-320, at 2 (1993). The "non-

violent offense" language, however, was inserted to ensure that inmates likely to commit violent

crimes do not receive early release. <u>Id.</u> Other than alluding to the BOP's discretionary authority in

17

awarding early release, the legislative history does not provide any further insight into whether the BOP could categorically exclude certain inmates from early release. Accordingly, the undersigned must determine under the second step of the <u>Chevron</u> analysis whether the BOP's interpretation of Section 3621(e) is a reasonable and permissible construction of the statute.

The BOP's interpretation of Section 3621(e) and establishment of eligibility criteria is entitled substantial deference. The undersigned finds that in view of the statute's complete silence on eligibility, the BOP's interpretation is not inconsistent with the language of the statute as a whole. The statute provides that the BOP may reduce the sentence of an inmate convicted of a nonviolent offense. The BOP has construed this language to mean that inmates whose conviction involves the possession of a firearm should not be rewarded with a one year early release. <u>See</u> P.S. 5162.04. The Fourth Circuit has specifically addressed this issue finding that the BOP "acted permissibly and reasonably in applying 18 U.S.C. § 3621(e)(2)(B) to deny inmates early release when their convictions involve the use or possession of firearms . . . [b]ecause possessing a firearm adds an aspect of violence to otherwise nonviolence conduct by posing a risk of danger to others." <u>Pelissero v. Thomas</u>, 170 F.3d 442, 447 (4th Cir. 1999). The undersigned, therefore, finds that the BOP's interpretation of Section 3621(e) is reasonable and permissible. Accordingly, Petitioner's Section 2241 Application challenging the BOP's early release eligibility criteria must be dismissed.

**3.**      **<u>No Liberty Interest in RDAP Placement or to Early Release</u>:**

To the extent Petitioner is alleging that her constitutional rights were violated because she was entitled to participate in RDAP and receive a reduced sentence for her participation in the program, her claim is without merit. The Fifth Amendment protects against deprivations of life, liberty, or property by the federal government. <u>See</u> U.S. Const. amend. V. In order to prevail on a

18

due process claim, a petitioner must show that the government has interfered with a protected liberty or property interest and that the procedures that led to the deprivation were constitutionally sufficient. Thus, petitioner must first demonstrate that she had a protected liberty interest. The fact of conviction and imprisonment implies the inmate's transfer of her liberty to prison officials, who in their broad discretion, administer her sentence. Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). Nevertheless, "confinement to prison does not strip a prisoner of *all* liberty interests." Id. (emphasis added) To determine whether an inmate retains a certain liberty interest, the Court must look to the nature of the claimed interest and determine whether the Due Process Clause applies. See Board of Regents of State Colleges v. Roth, 408 U.S. 564, 570-71, 92 S.Ct. 2701, 2705-06, 33 L.Ed.2d 548 (1972). An inmate holds a protectable right in those interests to which she has a legitimate claim of entitlement. See Greenholtz v. Inmates of Neb. Penal and Corr. Complex, 442 U.S. 1, 7, 99 S.Ct. 2100, 2103-04, 60 L.Ed.2d 668 (1979)(quoting Board of Regents v. Roth, 408 U.S. at 577, 92 S.Ct. 2709). In Gaston v. Taylor, the Fourth Circuit determined that an inmate possesses a claim of entitlement in those interests "which were not taken away, expressly or by implication, in the original sentence to confinement." Id. at 343. Such interests, however,

> will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

Sandin v. Conner, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300, 132 L.Ed.2d 418 (1995)(citations omitted). Consequently, to establish a deprivation of a liberty interest with respect to RDAP, Petitioner must show either (1) that she has a legitimate entitlement to admission in RDAP or in early release or (2) that the denial thereof creates an atypical and significant hardship on her in relation to the ordinary incidents of prison life. See Sandin, 515 U.S. at 483-84, 115 S.Ct. at 2299-

19

2300.

Federal prisoners have no constitutional or inherent right to participate in rehabilitative programs while incarcerated. See Moody v. Daggett, 429 U.S. 78, 88, n. 9, 97 S.Ct. 274, 279, n. 9, 50 L.Ed.2d 236 (1976)("[N]o due process protections were required upon the discretionary transfer of state prisoners to a substantially less agreeable prison, even where that transfer visited a 'grievous loss' upon the inmate. The same is true of prisoner classification and eligibility for rehabilitative programs in the federal system. Congress has given federal prison officials full discretion to control these conditions of confinement, 18 U.S.C. § 4081, and petitioner has no legitimate statutory or constitutional entitlement to invoke due process."). Likewise, "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz, 442 U.S. at 7, 99 S.Ct. at 2104; see also, Meachum v. Fano, 427 U.S. 215, 225, 96 S.Ct. 2532, 2539, 49 L.Ed.2d 451 (1976)("[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty."). Title 18, U.S.C. § 3621(e), however, vests the BOP with broad discretionary authority to reduce, by up to one year, the sentence of a federal prisoner convicted of a nonviolent offense, upon the successful completion of a substance abuse treatment program. 18 U.S.C. § 3621(e); see also Lopez, 531 U.S. at 232, 121 S.Ct. at 718. The language of this statute which provides that a prisoner's sentence "may be reduced by the [BOP]," is clearly permissive; the statute does not *mandate* that the BOP reduce a prisoner's sentence upon completion of the substance abuse treatment program.[4] See Lopez, 531 U.S. at 240, 121 S.Ct. at 721(Affirming

---

[4] It should be noted here that the BOP is required to "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). This obligatory command, however, does not extend to the granting of the incentive-based reduction of a prisoner's sentence for the successful completion of the substance abuse program.

that the BOP "may exclude inmates whether categorically or on a case-by-case basis, subject of course to its obligation to interpret the statute reasonably, in a manner that is not arbitrary or capricious." (Citations omitted.)); Downey v. Crabtree, 100 F.3d 662, 670 (9th Cir. 1996)(Finding that 18 U.S.C. § 3621(e)(2)(B) "reflects unequivocal congressional intent to leave to the Bureau final decisions regarding whether to grant eligible inmates a sentence reduction following successful completion of a drug-treatment program."). Thus, as to substance abuse treatment programs, the BOP has wide discretion in determining both whether an inmate enters such a program in the first instance and whether to grant or deny eligible inmates a sentence reduction under Section 3621(e). See Pelissero, 170 F.3d at 444. Courts have consistently held that inmates who successfully complete substance abuse treatment programs do not have a liberty interest in the provisional early release date and suffer no deprivation of due process rights as a result of the rescission of their consideration for early release. See Zacher v. Tippy, 202 F.3d 1039, 1041 (8th Cir. 2000)("The language of section 3621(e)(2)(B) is permissive, stating that the Bureau 'may' grant early release, but not guaranteeing eligible inmates early release."); Wottlin v. Fleming, 136 F.3d 1032, 1035 (5th Cir. 1998).

Petitioner does not possess a constitutionally protected expectation interest in receiving a sentence reduction. Such a subjective expectation does not arise to the level of a constitutional claim. See Mallette v. Arlington County Employees' Supplemental Ret. Sys. II, 91 F.3d 630, 635 (4th Cir. 1996)("[A] mere expectation of a benefit – even if that expectation is supported by consistent government practice – is not sufficient to create an interest protected by procedural due process. Instead, the statute at issue must create an entitlement to the benefit before procedural due process rights are triggered."). Neither Section 3621(e), the BOP's Program Statement (P.S.

5162.05), nor the Code of Federal Regulations (28 C.F.R. § 550.55), contain explicit mandatory language or standards limiting the BOP's discretion, which may have given rise to a protected liberty interest in early release.[5] See Kentucky Dept. of Corr. v. Thompson, 490 U.S. 454, 109 S.Ct. 1904, 1909-10, 104 L.Ed.2d 506 (1989)(Regulations must contain "explicitly mandatory language" to create a liberty interest.). Accordingly, Petitioner does not possess a statutorily protected expectation interest in early release.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Petition for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241(Document Nos. 1 and 3) and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

---

[5]   Even upon completion of RDAP, the statute governing the substance abuse treatment program gives discretion to the BOP to determine whether a prisoner should be granted *any* reduction in sentence. *See* 18 U.S.C. § 3621(e)(2)(B).

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*.

ENTER: November 18, 2015.

R. Clarke VanDervort
United States Magistrate Judge