IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

LINDA LEE BYRNES,

    Plaintiff,

v.                                    CIVIL ACTION NO. 1:12-07353

S. BUTLER, Warden,

    Defendant.


<u>MEMORANDUM OPINION AND ORDER</u>

<u>I.  Introduction</u>

    By Standing Order, this action was referred to United States Magistrate Judge R. Clarke VanDervort for submission of proposed findings and recommendation.  Magistrate Judge VanDervort submitted his proposed findings and recommendation on November 18, 2015.  In that Proposed Findings and Recommendation ("PF&R"), the magistrate judge recommended that this court dismiss petitioner's application for Writ of Habeas Corpus and remove this matter from the court's docket.

    In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge VanDervort's Findings and Recommendation.  The failure of any party to file such objections constitutes a waiver of such party's right to a de novo review by this court.  <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).  Moreover,

this court need not conduct a de novo review when a petitioner "makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).  Petitioner filed objections to the Proposed Findings and Recommendation on January 6, 2016.  Because petitioner filed her objections timely[1], this court has conducted a de novo review of the record as to those objections.  See 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made.").

## II.  Background

On June 7, 1996, Byrnes was convicted in the United States District Court for the Western District of Michigan of conspiracy to possess with intent to distribute marijuana, in violation of 18 U.S.C. § 846, and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).  Byrnes was sentenced to a total term of imprisonment of 322 months on both counts of conviction. As to the felon in possession conviction, to which plaintiff's objections are directed, Byrnes was charged with being in possession of a firearm, in November of 1994, after having previously being convicted of a felony in North Carolina in 1993.

---

[1] The court granted plaintiff's motion for additional time to file her objections.  See Doc. No. 17.

According to Byrnes, she is actually innocent of being a felon in possession of a firearm because North Carolina had restored her right to possess a firearm by granting her a Certificate of Unconditional Discharge on June 29, 1994.

Magistrate Judge VanDervort concluded that plaintiff's claim was properly considered under 28 U.S.C. § 2255, and not 28 U.S.C. § 2241, because she was challenging the validity of the conviction and sentence imposed by the Western District of Michigan.  Motions under § 2255 are to be filed in the sentencing court.  However, because plaintiff had not obtained authorization to file a second or successive § 2255, Magistrate Judge VanDervort determined that plaintiff's motion should be dismissed rather than transferred to the sentencing court.[2]

### III.  Analysis

Under 28 U.S.C. § 2255, a federal prisoner can move to vacate, set aside, or correct a sentence "imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law."  See 28 U.S.C. § 2255.  As Magistrate Judge VanDervort correctly noted,

---

[2] On April 5, 2012, the United States Court of Appeals for the Sixth Circuit denied Byrnes' motion to file a second or successive application for relief under 28 U.S.C. § 2255.  In that motion, Byrnes raised the same arguments regarding her felon in possession conviction that she raises in the instant matter. See Exhibit 2 to Respondent's Order to Show Cause (Doc. No. 9-2).

"[a] section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." <u>See</u> PF&R at p. 10 (citing <u>Pack v. Yusuff</u>, 218 F.3d 448, 452 (5th Cir. 2000)).  Section 2255 is the exclusive remedy unless the petitioner can demonstrate that it is inadequate or ineffective.  <u>In Re Jones</u>, 226 F.3d 328, 333 (4th Cir. 2000).

Plaintiff's sole objection to the PF&R is with Magistrate Judge VanDervort's conclusion that she not be permitted to proceed under § 2241 because she has not shown that § 2255 is inadequate or ineffective.  For the following reasons, the court agrees with the magistrate judge's recommendation and OVERRULES plaintiff's objection.

As our appeals court has stated:

> As a threshold matter, it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255.  <u>See</u> <u>In re Vial</u>, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc).  It is only when "§ 2255 proves inadequate or ineffective to test the legality of detention," that a federal prisoner may pursue habeas relief under § 2241.  <u>See</u> <u>id.</u> (alteration and internal quotation marks omitted).  Importantly, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because . . . an individual is procedurally barred from filing a § 2255 motion." <u>Id.</u> at 1194 n.5.

> Rice maintains on appeal that § 2241 is the appropriate vehicle for habeas relief because he is "actually innocent" of the 18 U.S.C. § 924(c) offense yet procedurally barred from filing a § 2255 motion. Our <u>In re Jones</u> decision — which also concerned an innocence claim under <u>Bailey v. United States</u>, 516 U.S.

4

137, 116 S. Ct. 501, 133 L. Ed.2d 472 (1995) —
delineates the circumstances in which § 2241 may be
used to pursue such a habeas claim.  See In re Jones,
226 F.3d 328 (4th Cir. 2000).  More specifically, §
2255 is inadequate and ineffective - and § 2241 may be
utilized - when:

> (1) at the time of conviction, settled law of
> this circuit or the Supreme Court established
> the legality of the conviction; (2)
> subsequent to the prisoner's direct appeal
> and first § 2255 motion, the substantive law
> changed such that the conduct of which the
> prisoner was convicted is deemed not to be
> criminal; and (3) the prisoner cannot satisfy
> the gatekeeping provisions of § 2255 because
> the new rule is not one of constitutional
> law.

> Id. at 333-34.  In short, under the Jones rule a
> federal prisoner is entitled to pursue a § 2241 motion
> only when he had no opportunity to utilize a § 2255
> motion to take advantage of a change in the applicable
> law.  If, conversely, the prisoner had an unobstructed
> procedural shot at filing a § 2255 motion to take
> advantage of such a change, a § 2241 motion is
> unavailable to him, and any otherwise unauthorized
> habeas motion must be dismissed for lack of
> jurisdiction.

Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010).

Byrnes' assertion to the contrary, she cannot satisfy the

rule of Jones in order to proceed under § 2241.  Significantly,

the substantive law has not changed such that Byrnes' conduct is

no longer criminal.  Her conduct was, and still is, a violation

of the law.  Second, Byrnes "had an unobstructed procedural shot

to file a $2255 motion" on the grounds she advances in this case.

While she makes much of her inability to obtain a copy of the

Certificate of Restoration of Rights prior to 2010, that

certificate does not invalidate the predicate conviction used for the felon in possession conviction.

18 U.S.C. § 922(g)(1), the felon in possession statute, makes it "unlawful for any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." However, pursuant to 18 U.S.C. § 921(a)(20), "[a]ny conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms."

Importantly, and fatal to Byrnes' argument herein, in determining whether state law provides that a defendant's civil rights have been restored for purposes of the felon in possession statute, our appeals court held that a "court must look to the whole of state law" not just "the certificate granting the restoration of civil rights." United States v. McLean, 904 F.2d 216, 218 (4th Cir. 1990); see also United States v. Hairston, 364 F. App'x 11, *1 (4th Cir. 2010) ("In determining whether state

6

law provides that a defendant's civil rights have been restored, the Court must look "to the whole of state law."  In looking at North Carolina law, "[t]his inquiry requires an analysis of whether and to what extent [North Carolina] `restores the civil rights' of ex-felons.")(quoting United States v. Essick, 935 F.2d 28, 30 (4th Cir. 1991)).

Significantly, the United States Court of Appeals for the Fourth Circuit has, on several occasions, addressed cases similar to Byrnes' in which a federal prisoner argued that his or her felon in possession conviction could not stand because the State of North Carolina had restored their right to possess a firearm. As the United States Court of Appeals for the Fourth Circuit explained in Parks:

> Parks first argues that, under North Carolina law, his civil rights had been restored and, therefore, he was lawfully entitled to own a firearm.  In determining whether state law provides that a defendant's civil rights have been restored, we look "to the whole of state law."  See United States v. McLean, 904 F.2d 216, 218 (4th Cir. 1990).  North Carolina law restores to convicted felons some civil rights upon release from prison.  See N.C. Gen. Stat. § 13-1 (2009).  Upon his discharge in 1991, Parks regained his "rights of citizenship," including his rights to vote, hold office, and serve jury duty.  N.C. Gen. Stat. §§ 163-55(a)(2) and 9-3; see McLean, 904 F.2d at 217 n.1. However, Parks did not immediately regain his right to possess a firearm upon his release.  At that time, North Carolina's Felony Firearms Act prohibited convicted felons from possessing firearms for five years after release from prison.  N.C. Gen. Stat. § 14-415.1(a) (amended 1995).

7

In 1995, North Carolina amended the Felony Firearms Act to "replace the five-year temporary handgun disability with permanent ban on the possession of handguns and certain other firearms by ex-felons[,]" regardless of the date of conviction.  United States v. Farrow, 364 F.3d 551, 554 (4th Cir. 2004); see N.C. Gen Stat. § 14-415.1(a)(1995).  Under the pre-1995 statute, Parks' right to possess firearms would have been restored on November 18, 1996.  However, Parks' rights were not restored on that date due to the intervening amendment of the statute.  Moreover, this court has held that the retroactive application of amended North Carolina Felony Firearms Act complete ban on felon firearm possession does not violate the Ex Post Facto Clause.  Farrow, 364 F.3d at 555.  Finally, Parks' mistaken belief that his right to own a firearm had been restored is not a defense to a § 922(g) offense.  United States v. Estrella, 104 F.3d 3, 9 (1st Cir. 1997); United States v. Lomax, 87 F.3d 959, 962 (8th Cir. 1996).

United States v. Parks, 442 F. App'x 23, *1 (4th Cir. 2011); see also United States v. Farrow, 364 F.3d 551, 553 (4th Cir. 2004) ("On February 12, 1990, Farrow pled guilty to four counts of felonious sale of cocaine in a North Carolina state court. Following his guilty plea, Farrow was sentenced to a five-year term of imprisonment. On September 26, 1990, Farrow was released from custody into the supervision of the state Parole Commission. The Parole Commission granted Farrow an unconditional discharge on February 21, 1992.  Farrow received a Certificate of Unconditional Discharge which provided that "all rights of citizenship which the said Michael Anthony Farrow forfeited on conviction are by law automatically restored." Despite this general restoration of his civil rights, however, Farrow remained under a temporary firearms disability in accordance with the

8

North Carolina Felony Firearms Act. . . ."); <u>United States v.
Ellis</u>, 7 F.3d 227, 1993 WL 362064, *1 (4th Cir. Sept. 20, 1993)
("Under North Carolina law, a defendant who has served his time
and has been unconditionally discharged from supervision is
issued a certificate of unconditional discharge and his civil
rights are restored.  <u>See</u> N.C. Gen. Stat. §§ 13-1, 13-2 (1991).
For five years following the unconditional discharge, however,
the defendant is prohibited from possessing certain types of
firearms.  <u>See</u> N.C. Gen. Stat. § 14-415.1 (1991)."); <u>United
States v. Clark</u>, 993 F.2d 402, 404 (4th Cir. 1993) (Under North
Carolina law, once a defendant has served his time and has been
unconditionally discharged from supervision by the Department of
Corrections, he is issued a certificate of unconditional
discharge and his civil rights are restored. See N.C. Gen. Stat.
§§ 13-1 and 13-2.  For five years after the unconditional
discharge of a defendant by the North Carolina Department of
Corrections, however, the defendant is nevertheless prohibited
from possessing certain types of firearms.  <u>See</u> N.C. Gen. Stat. §
14-415.1).

     As the foregoing authorities make clear, as a result of her
1993 convictions, in November 1994, Byrnes remained subject to
North Carolina's five-year ban prohibiting her from possessing
firearms.  <u>See</u> N.C. Gen. Stat. § 14-415.1 (providing that a
convicted felon may not possess specified firearms "within five

years from the date of [a felony] conviction, or the unconditional discharge from a correctional institution, or termination of a suspended sentence, probation, or parole upon such conviction, whichever is later") (1975) (amended 1995). Furthermore, any erroneous belief that she could possess a firearm in not a defense to her felon in possession conviction. See Parks, 442 F. App'x at *1.

Based on the foregoing, plaintiff has not shown that § 2255 is inadequate or ineffective and, therefore, she may not proceed under § 2241. As a § 2255 petition, plaintiff's claim must be brought in the sentencing court. See 28 U.S.C. § 2255 (directing that a prisoner "may move the court which imposed the sentence . . .").  The plaintiff in this case was convicted and sentenced in the Western District of Michigan.  Accordingly, this court lacks jurisdiction to hear his § 2255 petition and OVERRULES plaintiff's objections.

### IV.  Conclusion

The court hereby OVERRULES plaintiff's objections and CONFIRMS and ACCEPTS the factual and legal analysis contained within the Proposed Findings and Recommendation.  Accordingly, the court DISMISSES plaintiff's application for Writ of Habeas Corpus and DIRECTS the Clerk to remove this matter from the court's docket.

Additionally, the court has considered whether to grant a certificate of appealability.  See 28 U.S.C. § 2253(c).  A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001).  The court concludes that the governing standard is not satisfied in this instance.  Accordingly, the court DENIES a certificate of appealability.

The Clerk is further directed to forward a copy of this Memorandum Opinion and Order to counsel of record and to plaintiff pro se.

IT IS SO ORDERED this 26th day of February, 2016.

ENTER:

David A. Faber
Senior United States District Judge

11